IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 1 2 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| JOHN INGERSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-227-Z-BR |
| | § | |
| PRINCIPAL LIFE INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

**ORDER**

On May 13, 2020, the United States Magistrate Judge entered findings and conclusions on the administrative record and parties' briefing (ECF No. 25). The Magistrate Judge RECOMMENDS that judgment be entered on the record in favor of Defendant. On May 27, 2020, Plaintiff filed objections to the Magistrate Judge's findings, conclusions, and recommendation (the "FCR") (ECF No. 26). On June 5, 2020, Defendant filed a response to Plaintiff's objections (ECF No. 27).

After making an independent review of the pleadings, files, and records in this case, the FCR, Plaintiff's objections, and Defendant's response, the Court concludes that the findings and conclusions are correct. For the reasons below, Plaintiff's objections are OVERRULED.

**I. PLAINTIFF'S OBJECTIONS**

The Magistrate Judge's FCR spans almost thirty pages. Despite the FCR's length, Plaintiff does not dispute the vast bulk of it. Instead, Plaintiff makes only three objections.

First, Plaintiff objects that the Magistrate Judge improperly relied on the peer review report from Dr. Stephen Newman ("Dr. Newman") on the grounds that (1) his "conclusions appear to be based not on actual testing or examination" of Plaintiff and (2) he "appears to have discounted the

other reports in the record with which he disagrees." ECF No. 26 at 1–2. Second, Plaintiff objects

that the Magistrate Judge improperly relied on the report by Dr. Robert Odgers ("Dr. Odgers") due

to his not being a sleep specialist. *Id.* at 2–3. Third, Plaintiff objects to the Magistrate Judge's

recommendation that Defendant recover attorney's fees under 29 U.S.C. § 1132(g)(1). *Id.* at 3–4.

However, none of these objections are sufficient for this Court to set aside the Magistrate Judge's

findings and conclusions.

Regarding the first objection, the Magistrate Judge did not err in relying on Dr. Newman's

report. Plaintiff does not dispute that Dr. Newman is a board-certified physician specializing in

pulmonary disease and sleep medicine. Instead, Plaintiff argues that Dr. Newman's conclusions

are based only on the medical reports of others rather than direct examination.

But this argument is unpersuasive. Plaintiff cites no legal authorities in this argument.

Indeed, Fifth Circuit and Supreme Court jurisprudence appear to *permit* a physician's use of other

physicians' reports in preparing his own report—even if the physician does not conduct an

examination himself. For example, in a disability case remarkably similar to the instant case, the

Fifth Circuit stated:

> Finally, [Plaintiff] Anderson argues that [Defendant] Cytec should not have relied
> on two experts who did not hold M.D. degrees and who did not personally examine
> him. He provides no support for the proposition that, in an ERISA case that turns
> on a patient's mental status, an expert evaluation by a Ph.D. or Psy.D. psychologist
> is less probative than that of an M.D. psychiatrist. The argument is baseless; courts
> regularly consider the expert testimony of psychologists, and parties often
> introduce competency reports and mental health assessments prepared by both a
> psychiatrist and a psychologist. That the independent experts reviewed Anderson's
> records but did not examine him personally also does not invalidate or call into
> question their conclusions. In *Black & Decker Disability Plan v. Nord*, the Supreme
> Court held that plan administrators are not required to give special deference to the
> opinions of treating physicians. Under these circumstances, Cytec's decision that
> Anderson was not "totally disabled" was not arbitrary and capricious and was
> supported by substantial evidence.

*Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 515 (5th Cir. 2010) (citing *United States v. Palmer,* 507 F.3d 300, 301–02 (5th Cir. 2007); *Mata v. Johnson,* 210 F.3d 324, 328 (5th Cir. 2000); *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 831 (2003); *Vercher v. Alexander & Alexander, Inc.,* 379 F.3d 222, 233 (5th Cir. 2004)).

Admittedly, the plan administrator's decision in *Anderson* was reviewed under an abuse of discretion standard. *See id.* at 512. By contrast, the FCR in the instant case concluded that Defendant's decision was to be reviewed under a *de novo* standard of review because the benefit policy in question did not expressly grant discretionary authority to Defendant. ECF No. 25 at 13. Nevertheless, the Fifth Circuit's language in *Anderson* quoted above clearly shows that medical reports not based on direct examination are not in themselves invalid. In the instant case, the Court finds that the Magistrate Judge properly used Dr. Newman's report given both his qualifications and his thorough examination of all the medical reports and records that Defendant had obtained at the time. *See* ECF No. 25 at 19–20 (listing all of the letters, forms, and reports that Dr. Newman consulted in preparing his report); *see also* ECF No. 26 at 1 (mentioning the same sources listed in the FCR).

Plaintiff also argues that Dr. Newman discounted reports in the record with which he disagreed. The sole example of this cited by Plaintiff is the report Dr. Akshay Sood ("Dr. Sood"), "who noted that [Plaintiff] was impaired as a result of narcolepsy, but 'was not a sleep disorder specialist.'" ECF No. 26 at 2. But this example is unpersuasive. Simply reaching conclusions that differ from another physician's does not constitute a bias—let alone an "obvious bias," ECF No. 26 at 2. And it certainly does not constitute such a bias to make the factually accurate and relevant observation that the other physician in question is not a sleep disorder specialist. Consequently, Plaintiff's first objection fails.

Regarding the second objection, the Magistrate Judge did not err in relying on the report of Dr. Odgers. Plaintiff is correct that Dr. Odgers is not a sleep specialist, as the Magistrate Judge herself explicitly acknowledged. *See* ECF No. 25 at 23 (stating that "Dr. Odgers is not a sleep specialist"). However, Plaintiff's point misses the mark. The reason that Defendant retained Dr. Odgers at all was because Plaintiff had complained of cognitive problems that affected his ability to perform his job. *See* ECF No. 15 at 314 (stating that "[t]he Insured also has problems with memory and focus; concentration; organization; time management and fatigue. All of these limitations and restrictions affect the Insured's ability to perform and job duties.") Dr. Odgers's report—which focused on Plaintiff's alleged cognitive problems rather than his narcolepsy—was therefore relevant to determining whether Plaintiff could perform the relevant duties of his job, notwithstanding Dr. Odgers's lack of specialization in sleep. Hence, the Magistrate Judge did not unreasonably take Dr. Odgers's report into account when determining whether Plaintiff could perform the relevant duties of his job.

Regarding the third objection, the Magistrate Judge did not err in recommending that Defendant recover attorney's fees under 29 U.S.C. § 1132(g)(1). Plaintiff appeals to the five factors that the Fifth Circuit has listed in *Iron Workers Local No. 272 v. Bowen* to determine the appropriateness of an award of attorney's fees. 624 F.2d 1255, 1266 (5th Cir. 1980). Plaintiff specifically argues that two of these factors weigh in his favor because "there is no indication that [he] acted in bad faith in asserting his claim" and "[t]here is . . . significant evidence in the record indicating that [he] has little, if any, ability to satisfy an award of attorney's fees should the Court enter a judgement against him for such fees." ECF No. 26 at 4.

However, in his objections, Plaintiff fails to cite evidence from the record regarding his inability to satisfy an award of attorney's fees. But even more importantly, the Magistrate Judge

4

had the discretion to award attorney's fees without considering the five factors in *Bowen*. In *Hardt v. Reliance Standard Life Ins. Co.*, the Supreme Court rejected the Fourth Circuit's interpretation of 29 U.S.C. § 1132(g)(1) as "requir[ing] that a fee claimant be a 'prevailing party' before he may seek a fees award." 560 U.S. 242, 245 (2010). Instead, it held that "a court in its discretion may award fees and costs to either party as long as the fee claimant has achieved some degree of success on the merits." *Id.* (internal marks omitted). "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* at 255 (internal marks omitted). Hence, the five factors in *Bowen* cannot be construed as strict requirements for an award of attorney's fees, as the Fifth Circuit itself acknowledged in that case. *See Bowen*, 624 F.2d at 1266 ("No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g)."). Thus, the Magistrate Judge did not improperly exercise her discretion in recommending that this Court enter judgment against Plaintiff for attorney's fees under 29 U.S.C. § 1132(g)(1).

## II. ORDER

For the reasons above, it is therefore ORDERED that the FCR is ADOPTED. Judgment shall be entered in favor of Defendant.

Within 28 days from the date of this Order, Defendant shall file a motion for attorney's fees for consideration by the Court in issuing judgment. The motion should be supported by evidence reflecting the reasonable and necessary amount of fees sought and shall include argument

as to the authority upon which such fees may be granted. Plaintiff shall file a response, if any, in accordance with the Local Rules, and Defendant may file a reply in accordance with the same.

**SO ORDERED.**

June 12, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE